UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>PUENTE TRUJILLO. | Crim. No. 19-93<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

**THIS MATTER** comes before the Court on Defendant Puente Trujillo's ("Defendant") motion to suppress certain evidence. ECF No. 11 ("Motion").[1] For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND[2]

Defendant was arrested at a gas station on November 1, 2018. Just prior to his arrest, an undercover police officer received a text message containing a picture of Defendant, a description of where he would be waiting, and other information useful for identification. Armed with that information, Arresting Officers approached the truck in which Defendant was waiting ("Truck"). They instructed him to exit the Truck and asked for permission to conduct a search. Defendant declined to permit a search but did say something regarding "not caring" whether he "goes to jail" (hereinafter, "First Statement").

The Arresting Officers then moved Defendant away from the Truck and brought a drug-sniffing dog to the scene. The dog alerted both outside the Truck and in the cab. The Arresting Officers then searched the Truck and eventually located eleven packages within a door panel appearing to contain a controlled substance.

While there was some disagreement over the exact order of events, after the packages were found, Defendant was placed under arrest and mirandized. Either immediately before or after being arrested, Defendant was told or overheard that drugs were found in the Truck. The Arresting Officers were consistent that after hearing about the drugs *and being mirandized*, Defendant said something like "I didn't think you would find them" ("Second Statement").

Next, Defendant was transported to a Drug Enforcement Agency ("DEA") office for questioning and processing. Either on the way or before departing the scene, Defendant began offering to cooperate with the government (hereinafter, "Third Statement"). Once

---

[1] Defendant moved for various other relief in the Motion, but those requests were resolved at the Court's September 4, 2019 hearing ("Hearing"). The parties have been instructed to submit a joint proposed order memorializing those decisions.

[2] These facts are drawn from the testimony of various police officers who arrested Defendant ("Arresting Officers") that the Court deems credible or were conceded to by Defendant's counsel.

1

at the DEA office, he also informed officers that a cartel boss nicknamed "El Mencho" had a $100,000 bounty on all DEA agents' heads ("Fourth Statement").

In an interview room at the DEA office, in a recorded conversation, Defendant can be heard and seen confirming his understanding of another *Miranda* warning read to him in Spanish. Gov. Hearing. Ex. 4. He also signed an acknowledgement form confirming the same. Gov. Hearing. Ex. 3. Defendant then made further disclosures to the questioning officers ("Fifth Statement").

## II.   DISCUSSION

Defendant moves to suppress the Statements (1) as fruit of the poisonous tree; and (2) because he did not knowingly and voluntarily waive his *Miranda* rights.

### A.   Fruit of the Poisonous Tree

Defendant argues that the Arresting Officers failed to obtain a warrant before searching the Truck, and thus all resulting evidence should be suppressed as fruit of the poisonous tree. He further argues the automobile exception does not apply because the Government had time to obtain a warrant before searching the Truck. Defendant's counsel conceded that the Arresting Officers acted with probable cause in conducting the search.

Defendant's counsel's concession that the Arresting Officers had probable cause ends the inquiry. Under the "automobile exception," when the police have probable cause to believe that a vehicle contains contraband, they need not obtain a warrant before searching the vehicle. *Maryland v. Dyson*, 527 U.S. 465, 467 (1999). "The automobile exception has no separate exigency requirement." *Id.* at 466 (cleaned up). In any event, the Arresting Officers credibly testified that they searched the Truck shortly after receiving confirmation of Defendant's appearance and whereabouts. Thus, even accepting Defendant's view of the automobile exception, the Arresting Officers acted with deliberate speed to avoid the Truck's departure.

As the automobile exception applies to the search of the Truck, the Statements were not "fruit of the poisonous tree," and thus will not be suppressed on that basis.

### B.   *Miranda* Warnings and Effective Waiver

Defendant also argues the Statements should be suppressed because he did not effectively waive his *Miranda* rights. Under *Miranda v. Arizona*, a defendant may waive his right to remain silent only if the waiver is given "voluntarily, knowingly, and intelligently." 384 U.S. 436, 444 (1966). The waiver is "voluntary" if it was the product of a free and deliberate choice, rather than intimidation, coercion, or deception. *Moran v. Burbine*, 475 U.S. 412 (1986). It was "knowing and intelligent" if made with "a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* at 421.

*Miranda*'s protections are limited, however, to statements made during "custodial interrogations." By "custodial interrogations," the Supreme Court meant "questioning initiated by law enforcement officers after a person has been taken into custody or

otherwise deprived of his freedom of action in any significant way." *Miranda*, 384 U.S. at 444.

### 1. *First, Second, Third, and Fourth Statements*

*Miranda* does not apply to the First, Second, Third, and Fourth Statements. Each of those Statements were made by Defendant without prompting or questioning from law enforcement or were made when Defendant was not in custody. The First Statement was made before Defendant was placed in custody and in response to a request to search the Truck, not an "interrogation." Similarly, the Second, Third, and Fourth Statements were volunteered by Defendant, not made in response to "questioning initiated by law enforcement officers." *Id.* Thus, even assuming there was no adequate *Miranda* waiver, the Statements should not be suppressed. *See id.*

### 2. *Fifth Statement*

Defendant made the Fifth Statement in a custodial interrogation; thus, he must have effectively waived his *Miranda* rights for the statement to be admissible. Defendant averred in an affidavit that he "was still 'high' from heroin" when he signed the acknowledgement that he waived his rights. Trujillo Aff. ¶ 8 (attached to Motion).

Whether a defendant is under the influence of drugs, alcohol, or other substance is a factor in determining whether any waiver was voluntary. *U.S. v. Andrews*, 231 Fed. App'x 174, 177 (3d Cir. 2007). In order for intoxication to render a Miranda waiver involuntary, the intoxication must have overcome the defendant's will. *Id.* Further, courts have generally found that claims of involuntariness based solely on defendants' affidavits are insufficient for findings of involuntariness. *United States v. Phuong Le*, 2011 WL 913260, at *4 (E.D. Pa. Mar. 11, 2011); *United States v. Briggs*, 2008 WL 1745661 (E.D. Pa. Apr.14, 2008); *United States v. Adamson*, 2008 WL 167299, at *6–8 (E.D. Pa. Jan. 16, 2008).

Here, there is ample evidence that any drugs Defendant may have ingested did not overcome his free will. *See Andrews*, 231 Fed. App'x at 177. Arresting Officers consistently testified that Defendant did not display any signs of recent drug use or other impairment. Further, significant time had passed between any potential drug use and the Fifth Statement. The only evidence Defendant was too high to voluntarily waive his rights is Defendant's own affidavit. As other courts have held, that is insufficient, especially considering the substantial evidence of a knowing, voluntary waiver.

For these reasons, the Court does not find Defendant's waiver of his *Miranda* rights involuntary. Accordingly, the Fifth Statement will not be suppressed.[3]

---

[3] For this alternative reason, the Second, Third, and Fourth Statements will not be suppressed either, as the evidence presented at the Hearing demonstrates Plaintiff was given *Miranda* warnings and effectively waived his rights before making those Statements. While less time had passed since Defendant might have ingested drugs, Hearing testimony convincingly demonstrates that Defendant was fully cognizant and made a voluntary, knowing, and intelligent waiver.

## III. CONCLUSION

For the reasons set forth above, Defendant's motion to suppress various statements, ECF No. 11, is **DENIED**. An appropriate Order follows.

Date: September 9, 2019

WILLIAM J. MARTINI, U.S.D.J.